**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JOSE PENA-ROSARIO,                  :
                                    : Civil Action No. 10-4851 (RBK)
          Petitioner,               :
                                    :
     v.                             :     **O P I N I O N**
                                    :
UNITED STATES OF AMERICA,           :
et al.,                             :
                                    :
          Respondents.              :
_____ :

**APPEARANCES:**

Jose Pena-Rosario, Pro Se
21034-039
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

John Andrew Ruymann, Esq.
Assistant U.S. Attorney
Office of the U.S. Attorney
402 East State Street, Suite 430
Trenton, NJ 08608
Attorney for Respondent

**KUGLER, District Judge**

    Petitioner Jose Pena-Rosario, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1]  The respondents are the United States of

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective

America and the warden of the Federal Correctional Institution. With this Court's permission, Respondents filed a motion to dismiss, in lieu of an answer, on January 21, 2011 (docket entry 8), which remains pending.  The motion to dismiss asserts that the petition should be dismissed because Petitioner did not exhaust administrative remedies.  For the following reasons, the motion to dismiss will be denied.  Respondents are ordered to answer the petition.

## BACKGROUND

On October 24, 1996, the United States District Court for the Eastern District of Michigan sentenced Petitioner to a term of imprisonment of 70 months, with 5 years supervised release, following his conviction of Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine, in violation of 21 U.S.C. § 846.  Almost two years later, on September 23, 1998, the United States District Court for the Eastern District of North Carolina sentenced Petitioner to a term of imprisonment of 262 months, with 5 years supervised release, following his conviction of Conspiracy to Distribute and Possession with Intent to Distribute

---

jurisdictions.
    * * *
(c) The writ of habeas corpus shall not extend to a prisoner unless-... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ....

between 15 and 50 kilos of hydrochloride, in violation of 21 U.S.C. § 846 and § 841(B)(1)(A).  The District Judge in the North Carolina case ordered that Petitioner's sentence run concurrently with the federal sentence he was already serving imposed by the District Judge in Michigan.  Thus, the BOP calculated Petitioner's sentence as an aggregate sentence of 23 years, 8 months, and 29 days.  His projected release date, pursuant to good conduct time release, is August 13, 2016.

Petitioner asserts in his original petition (docket entry 1), that he is being held in violation of 18 U.S.C. § 3584 based on how the Bureau of Prisons ("BOP") and the federal courts "structured his two sentences which were imposed about two years apart."  (Pet., p. 1).  Petitioner states that: "The Sentencing Court for Petitioner's second sentence ordered it to be served concurrent to the first prison term, but the BOP started the time on the day of imposition."  (Pet., p. 1).

Petitioner argues that his two sentences should have begun to run on December 7, 1995, when he was first detained by federal law enforcement agents.  First, he cites an Eleventh Circuit opinion for the proposition that "a sentencing court has the option to start a term of imprisonment for a second offense when the defendant was detained at an official detention center for his first offense."  (Pet., p. 5, citing Coloma v. Holder, 445 F.3d 1282 (11th Cir. 2006)).  Petitioner notes that when he was

3

sentenced by the District Judge in North Carolina, the court ran his sentence concurrently to his federal Michigan sentence, but did not specify the start date, and "could have ordered the sentence to begin on December 7, 1995 when the Petitioner was officially detained on his first case." (Pet., p. 5).

Next, Petitioner argues that his two crimes could have been deemed a "crime spree," the offenses consolidated and the sentences served concurrently beginning with his detention date in 1995. (Pet., p. 5).

Finally, Petitioner argues that his sentences could have been served <u>nunc pro tunc</u>, and the BOP could have considered Petitioner's jail credit time to have begun in 1995, when he was first detained in Michigan.

Petitioner asks this Court to grant him jail credit from the time he was first detained in Michigan on both sentences; for both sentences from the time his Michigan sentence was imposed; or for both sentences from the time he was indicted in his North Carolina case.

Respondents' motion to dismiss, filed on January 21, 2011, argues that Petitioner did not exhaust his administrative remedies on his claims (docket entry 8-2). In response to the motion, Petitioner began the administrative remedy process, and followed through to completion. On August 5, 2011, he filed an amended petition (docket entry 9), attaching his administrative

responses denying relief through the Regional Director level, and on August 25, 2011, Petitioner filed a letter attaching the response of the Central Office, National Inmate Appeals Administrator, denying his appeals. Thus, Petitioner has now exhausted his remedies.

## DISCUSSION

Respondents' motion to dismiss for failure to exhaust is now moot, as Petitioner has since exhausted his administrative remedies.[2] While Respondents were correct in their assertion, at the time, that Petitioner had not exhausted his administrative remedies, had this Court granted their motion, the petition would have been dismissed, without prejudice to Petitioner exhausting

---

[2] The BOP Administrative Remedy Program is a three-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of his/her own confinement." See 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. See 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. See 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. See 28 C.F.R. § 542.15(a). The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response. See id. Appeal to the General Counsel is the final administrative appeal. See id. If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

his claims, and refiling his petition, or moving to reopen the case upon exhaustion.  Thus, as Petitioner has since exhausted his claims, for the sake of judicial economy, this Court will deny the motion, and order Respondents to answer.

## **CONCLUSION**

For the foregoing reasons, Respondents' motion to dismiss is denied.  An appropriate Order accompanies this Opinion.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: September 15, 2011